**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:**<br><br>**CRISTÓBAL M. GALINDO, P.C.**<br>**D/B/A GALINDO LAW FIRM,**<br><br>**Debtor.**[1] | **Chapter 11**<br><br>**Case No. 26-90764** |

**ORDER GRANTING ON AN INTERIM BASIS DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL, TO THE EXTENT APPLICABLE, AND GRANTING RELATED RELIEF**[2]

CAME ON for consideration, Cristóbal M. Galindo, P.C. d/b/a Galindo Law Firm (the "Debtor" or "GLF"), the above-captioned *Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral, to the Extent Applicable, and Granting Related Relief* (the "Motion"); and the Court having jurisdiction over this matter; and the Court having found that this is a core proceeding; and venue being proper before his Court; and the Court having reviewed the Motion, the First Day Declaration, the Budget, and the record before the Court; and the Court having conducted an interim hearing on the Motion on August 26, 2026; and the Court having found that notice of the Motion and the interim hearing was sufficient under the circumstances; and the Court having determined that entry of this Interim Order is in the best interests of the Debtor, its estate, its creditors, its clients, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby:

1. ORDERED that the Motion is granted on an interim basis as set forth in this Interim

[1] The Debtor's address is 18000 Groeschke Road, Suite A-7, Houston, Texas 77084, and the last four digits of the Debtor's federal tax identification number is 5859.
[2] Capitalized terms used but not otherwise defined in this Interim Order have the meanings given to them in the Motion.

Order.; it is further

2. ORDERED that as used in this Interim Order, the "Carve-Out" means, collectively:

a. all fees payable to the United States Trustee pursuant to applicable law, including quarterly fees, together with any fees payable to the Clerk of the Court;

b. all reasonable fees and expenses incurred by any claims, noticing, solicitation, or administrative agent retained in this Case, solely to the extent authorized by order of the Court and payable under the Budget;

c. all allowed fees and expenses of professionals retained by the Debtor pursuant to sections 327, 328, 330, 331, 363, or 1103 of the Bankruptcy Code, solely to the extent such fees and expenses are allowed by order of the Court and payable under the Budget or any further order of the Court;

d. all allowed fees and expenses of professionals retained by any official committee appointed in this Case, if any, solely to the extent such fees and expenses are allowed by order of the Court and payable under the Budget or any further order of the Court; and

e. such other ordinary-course estate-administration expenses as are expressly authorized by this Interim Order, the Budget, or further order of the Court.

For the avoidance of doubt, the Carve-Out shall not include any payment to any professional, vendor, or other party except to the extent such payment is authorized by the Bankruptcy Code, the Bankruptcy Rules, this Interim Order, the Budget, or further order of the Court.

3. ORDERED that subject to the terms of this Interim Order, the Debtor is authorized,

on an interim basis, to use Cash Collateral, solely to the extent any cash, deposit-account funds, collections, proceeds, attorney-fee receipts, expense reimbursements, or other cash equivalents constitute cash collateral under the Bankruptcy Code, in accordance with the Budget attached to the Motion as Exhibit A; it is further

4. ORDERED that the Debtor is authorized to use Cash Collateral, to the extent applicable, in an aggregate amount not to exceed $127,957 through the interim period set forth below, subject to the Budget and any permitted variance set forth in this Interim Order; it is further

5. ORDERED that the Debtor may use Cash Collateral, to the extent applicable, only for those categories and amounts set forth in the Budget, including ordinary-course operating disbursements, bankruptcy-related disbursements, and other amounts authorized by this Interim Order; it is further

6. ORDERED that the Debtor is authorized to make payments consistent with the Budget, including payments for contractor pay, owner pay, rent, utilities, insurance, printing and postage, information technology, office supplies and expenses, advanced case expenses, other general and administrative expenses, claims-agent expenses, utility adequate assurance amounts, and United States Trustee fees, in each case solely to the extent set forth in the Budget and authorized by separate order of the Court where separate authorization is required; it is further

7. Notwithstanding anything to the contrary in this Interim Order, the Budget, any asserted lien, any replacement lien, any adequate-protection claim, or any other claim or interest asserted by any Prepetition Secured Party, the Debtor is authorized and directed to pay, when due, all fees payable to the United States Trustee and the Clerk of the Court, including quarterly fees, in each case without further order of the Court. Such fees shall be included in and protected by the Carve-Out and shall not be subject to any lien, replacement lien, adequate-protection claim,

surcharge, disgorgement claim, or priority claim granted under this Interim Order.

8. ORDERED that nothing in this Interim Order constitutes a final determination of the validity, priority, enforceability, perfection, extent, or amount of any lien, claim, security interest, or other interest asserted by CMG Funding 2024 LLC, CMG Funding 2025 LLC, Deer Finance, LLC, JBSL Legal Finance LLC, or any other party asserting an interest in Cash Collateral; it is further

9. ORDERED that nothing in this Interim Order constitutes an admission by the Debtor that any property is Cash Collateral, that any asserted lien or security interest is valid, perfected, enforceable, unavoidable, or senior to any other interest, or that any asserted claim is allowable in any amount or priority; it is further

10. ORDERED that, subject to the Debtor's reservation of rights and solely to the extent any Prepetition Secured Party is later determined by agreement or final order to hold a valid, perfected, enforceable, non-avoidable interest in Cash Collateral, the Prepetition Secured Parties are granted adequate protection solely for any actual postpetition diminution in value of such interest resulting from the Debtor's authorized use of Cash Collateral under this Interim Order; it is further

11. ORDERED that the adequate protection granted under this Interim Order consists of:

a) replacement liens, solely to the extent of any valid, perfected, enforceable, non-avoidable prepetition lien in Cash Collateral and solely to the extent of any actual diminution in value of such interest resulting from the Debtor's authorized use of Cash Collateral;

b) the Debtor's compliance with the Budget; and

c) such other protection, if any, as may be agreed by the Debtor and the applicable party in interest or ordered by the Court after notice and a hearing.

It is further

12. ORDERED that the payment of any amounts included in the Carve-Out, including United States Trustee fees, Clerk fees, allowed professional fees, claims-agent fees, and other Court-authorized estate-administration expenses, shall not constitute a diminution in value of any Prepetition Secured Party's interest in Cash Collateral and shall not give rise to any replacement lien, adequate-protection payment, superpriority claim, or other claim against the Debtor or its estate; it is further

13. ORDERED that any replacement liens granted under this Interim Order shall not attach to:

a) client funds held in IOLTA accounts;
b) avoidance actions or proceeds of avoidance actions;
c) claims or causes of action under chapter 5 of the Bankruptcy Code;
d) privileged or confidential client information;
e) unearned attorneys' fees;
f) property acquired after the Petition Date that is not proceeds, products, offspring, rents, or profits of valid, perfected, enforceable, non-avoidable prepetition collateral; or
g) any other property to which a replacement lien may not attach under applicable law.

It is further

14. ORDERED that any replacement liens granted under this Interim Order are subject and subordinate to:

a) all valid, enforceable, perfected, and non-avoidable liens senior to the applicable Prepetition Secured Party's liens as of the Petition Date;

b) the Carve-Out approved by this Interim Order or any subsequent order;

c) the rights of clients and other non-estate parties in funds held in IOLTA accounts; and

d) any further order of the Court.

It is further

15. ORDERED that pending the final hearing, and without making a final determination of lien validity, lien extent, claim allowance, or property-of-the-estate issues, the Debtor is authorized to use cash generated from postpetition operations in accordance with the Budget, subject to the rights of parties in interest to seek further relief or a determination of their interests at the final hearing or by separate contested matter or adversary proceeding; it is further

16. ORDERED that the Debtor may exceed any individual line item in the Budget by not more than 10% and may exceed aggregate disbursements in the Budget by not more than 5%, unless otherwise agreed in writing by the Debtor and the affected Prepetition Secured Party or further ordered by the Court; it is further

17. ORDERED that the Debtor and all other parties in interest reserve all rights, claims, defenses, objections, challenges, and causes of action with respect to:

a) the validity, priority, enforceability, perfection, extent, amount, and avoidability of any asserted lien, claim, security interest, or other interest;

b) whether any funds constitute Cash Collateral;

c) whether any asserted lien attaches to IOLTA funds, client funds, unearned attorneys' fees, expense reimbursements, postpetition receipts, future recoveries, case inventory, co-counsel rights, general intangibles, deposit accounts, or any other property;

d) whether any claim should be disallowed, subordinated, recharacterized, reduced, set off, recouped, or otherwise modified;

e) any claim or cause of action under the Bankruptcy Code or applicable nonbankruptcy law; and

f) any argument concerning the scope and effect of sections 363 and 552 of the Bankruptcy Code.

It is further

18. ORDERED that no challenge period, lien waiver, estate release, third-party release, cross-collateralization, roll-up, lien on avoidance actions, self-executing stay termination, waiver of surcharge rights, or limitation on the rights of any official committee is granted by this Interim Order; it is further

19. ORDERED that automatic stay is modified solely to the extent necessary to implement the terms of this Interim Order; it is further

20. ORDERED that the authorization for use of cash collateral under this Interim Order shall be in effect from August 26, 2026 until September 18, 2026,subject to being renewed or extended by Order of the Court after notice and hearing; it is further

21. ORDERED that a final hearing on this matter shall be held on **_________, ____, 2026 at ____.** prevailing Central before the United States Bankruptcy Court for the Southern District of Texas, Houston, division, [courtroom/remote appearance information]. Any objection to final approval of the Motion shall be filed and served so as to be actually received no later than [OBJECTION DEADLINE] by the following parties: counsel to the Debtor, the Office of the United States Trustee, counsel to any official committee appointed in this case, counsel to the Prepetition Secured Parties, and any other party required by the Bankruptcy Rules, Local Rules,

or any order of this Court. The Debtor shall serve this Order on all parties required under Fed. R. Bank. P. 4001(d)(1)(C) and file a certificate of service with the Court; it is further

22. ORDERED that notice of the Motion and interim hearing satisfies the applicable notice requirements under the circumstances; it is further

23. ORDERED that the requirements of Bankruptcy Rule 6004(a) are satisfied; it is further

24. ORDERED that notwithstanding Bankruptcy Rule 6004(h), this Interim Order is effective immediately upon entry; it is further

25. ORDERED that this Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

**Signed**: ______________________ ______________________________________________

**United States Bankruptcy Judge**